FALLON, APPELLANT, *v.* ADMR., BUREAU OF WORKMEN'S
COMPENSATION ET AL., APPELLEES.

(No. 77AP-163—Decided September 29, 1977.)

Mr. *David M. Buda*, for appellant.
Mr. *William J. Brown*, attorney general, Mr. *James R. Rishel* and Mr. *John F. Livorno*, for appellee Bureau of Workers' Compensation.

REILLY, J.   This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

Appellant filed the following complaint:

"1. Plaintiff says that the basis for the jurisdiction of the Court over this action is set forth in Ohio Rev. Code Section 4123.519, the jurisdiction of the Court has been invoked by the timely filing of a Notice of Appeal from a final decision of the Industrial Commission of Ohio 'denying the

plaintiff the right to continue to participate in the benefits provided by the Workmen's Compensation laws of Ohio, and rescinding a prior order of the Industrial Commission which had permitted plaintiff to participate in said fund.

"2. Plaintiff says that on or about November 27, 1968, he sustained an accidental injury which was duly filed with the Bureau of Workmen's Compensation and said claim was allowed by said Bureau for a condition described 'left sacroiliac and lumbar strain.' From time to time medical treatment was authorized and paid by the Bureau of Workmen's Compensation. The claim is designated as Claim number 68-38781 [formerly MJ 616042] by said Bureau.

"3. Plaintiff says that he was awarded permanent partial disability by order of the Industrial Commission dated March 25, 1975, and without notice or hearing said order was vacated by order of the Administrator of the Bureau of Workmen's Compensation dated July 29, 1975. On January 20, 1976, the Regional Board of Review reversed the order of the said Administrator. On June 29, 1976, the Industrial Commission affirmed the order of the Regional Board but on its own motion without notice or hearing, vacated its previous order granting compensation to the plaintiff contrary to the Constitution of the United States, and the State of Ohio, the laws of Ohio, and the rules and regulations of the Industrial Commission of Ohio.

"Wherefore, Plaintiff demands judgment against defendants, finding that he is entitled to participate in the benefits provided by the Workmen's Compensation laws of Ohio."

The Administrator of the Ohio Bureau of Workmen's Compensation, an appellee herein, in his answer, admitted the capacity and relationships of the parties, as well as the proceedings and orders before the Bureau of Workmen's Compensation and the Industrial Commission, as alleged in the complaint. The employer failed to answer the complaint.

The Administrator filed a motion for summary judgment October 13, 1976. This motion, however, was not scheduled for a hearing before the trial court. Appellant

also filed a motion for summary judgment December 30, 1976. This motion for summary judgment, however, was set for hearing before the trial court February 3, 1977, at 11:30 a. m. In addition, appellant filed his request for assignment and certificate of readiness and a pretrial statement. The Administrator filed an objection to plaintiff's request for assignment January 6, 1977. The trial court rendered its decision and entry February 7, 1977, which reads as follows:

"Motion for summary judgment is filed by defendant, Administrator of the Bureau of Workmen's Compensation, considered as a motion to dismiss is well taken and is sustained. Section 4123.52, Ohio Revised Code.

"It is, therefore, ordered, adjudged and decreed that the appeal herein be and the same is hereby dismissed at the costs of plaintiff-appellant."

Appellant has now perfected this appeal, including the following assignments of error:

"1. The judgment is contrary to law in that the Trial Court failed to follow the Ohio Rules of Civil Procedure when it did not hear the motion for summary judgment filed by the plaintiff-appellant and properly set for hearing by him.

"2. The judgment is contrary to law in that the Trial Court failed to follow the Ohio Rules of Civil Procedure when it considered the motion for summary judgment filed by the defendant-administrator which had not been set for hearing as a motion to dismiss and sustain the same.

"3. The judgment is contrary to law in that it affirms an order of the Industrial Commission of Ohio improper under the Workmen's Compensation Act of Ohio."

Civil Rule 56(C) provides for proceedings where no material issue of fact exists in an action, and one or both parties requests summary judgment. In this case, there being no factual issues, both parties duly filed motions for summary judgment. Civil Rule 56(C) reads, in pertinent part:

"The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior

to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *"

At any rate, the trial court considered the motion for summary judgment as a motion to dismiss, as noted above. It appears that the trial court did not consider appellant's motion for summary judgment, which was scheduled for a hearing. The net result was prejudicial to appellant. Consequently, appellant's first and second assignments of error are sustained.

Appellant's third assignment of error is also well taken. The Industrial Commission, pursuant to R. C. 4123.57, determined that appellant was permanently and partially disabled, as noted above; and payment of compensation to him was ordered. None of the parties timely requested reconsideration or other modification of the Commission's order. Four months later, July 29, 1975, the Administrator of the Bureau of Workmen's Compensation vacated the order of the Industrial Commission because the payment of compensation was prohibited by the six-year limitation provided in R. C. 4123.52. This action was apparently taken without appellant being provided with notice or a hearing.

Appellant received compensation in this case, pursuant to R. C. 4123.57(B), which reads, in relevant part, as follows:

"The industrial commission, upon such application, shall determine the percentage of the employee's permanent disability, except such as is subject to division [C] of this section, based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable. The employee shall

receive sixty-six and two-thirds per cent of his average weekly wage, not to exceed a maximum of fifty-six dollars per week for the number of weeks which equals such percentage of two hundred weeks. *Except upon application for reconsideration, review, or modification which is filed within ten days after the date on which notice of such award is mailed to the employee and the employer,* in no instance shall the commission modify its former order unless it finds from such medical or clinical findings that the condition of the claimant resulting from the injury has so progressed as to have increased the percentage of permanent disability. * * *" (Emphasis added.)

Thus, the foregoing statute is plain that whenever the Commission makes such an order, it can only be modified upon a proper request for reconsideration. Hence, the Commission did not have authority to vacate its original order as it did in this case. Such action violates the provisions of the above statute and constitutes a material departure from the basic principles of equal protection and due process of law. Otherwise, the net effect would be that there could be no final order by the Industrial Commission. Therefore, appellant's third assignment of error is also well taken.

Whereupon, for the foregoing reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

HOLMES and WHITESIDE, JJ., concur.